1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY D. ALEXANDER,

11            Petitioner,                    No. CIV S-11-0103 WBS EFB P

12        vs.

13   RAUL LOPEZ, Warden,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254.  This action proceeds on his January 11, 2011 petition.  Respondent moves to

18   dismiss this action upon the ground it is untimely.  Petitioner opposes, asserting that he is

19   entitled to a later start date of the statute of limitations because the state created an impediment

20   to filing the petition, and that he is entitled to equitable tolling.  For the reasons explained below,

21   the motion to dismiss must be granted.

22   **I.      Procedural History**

23        Petitioner was convicted of possessing and transporting cocaine for sale in 2002.  Resp.'s

24   Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1.  He admitted to two prior

25   serious felony convictions within the meaning of the Three Strikes Law and was sentenced to

26   twenty-five years to life.  Lodg. Doc. 1-2.  He appealed his conviction and it was reversed on

1

1 appeal and remanded to the trial court, which eventually reinstated petitioner's original

2 conviction and sentence.  Lodg. Doc. 2-8.  Petitioner appealed again and the California Court of

3 Appeal, Third Appellate District affirmed.  The California Supreme Court denied his request for

4 review on July 8, 2009.  Lodg. Doc. 9-12.

5    Petitioner did not file any state habeas petitions after the California Supreme Court's

6 denial of review.  The instant petition was constructively filed on January 4, 2011.  Dckt. No. 1.

7 **II.    Statute of Limitations**

8    A one-year limitations period for seeking federal habeas relief begins to run from the

9 latest of the date the judgment became final on direct review, the date on which a state-created

10 impediment to filing is removed, the date the United States Supreme Court makes a new rule

11 retroactively applicable to cases on collateral review or the date on which the factual predicate of

12 a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

13 § 2244(d)(1).

14    There is no statutory tolling of the limitations period "from the time a final decision is

15 issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*

16 *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state

17 post-conviction application the period is tolled, and remains tolled for the entire time that

18 application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its

19 delivery and acceptance are in compliance with the applicable laws and rules governing filings."

20 *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application

21 is "pending" during the intervals between a lower court decision and filing a new petition in a

22 higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not

23 provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

24    The limitations period may also be equitably tolled where a habeas petitioner establishes

25 two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

26 circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of this

1   pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable

2   tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that

3   despite diligently pursuing his rights, some external force *caused* the untimeliness.  *Waldron-*

4   *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

5        Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.

6   *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065

7   (9th Cir. 2002).

8   **III.   Analysis**

9        In this case, the statute of limitations began to run when petitioner's conviction became

10  final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied

11  review on July 8, 2009.  Lodg. Doc. 12.  The conviction became "final" within the meaning of

12  section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety

13  days later, on October 6, 2009.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th

14  Cir. 1999).  The one-year limitations period commenced running the following day.  *Patterson v.*

15  *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until October 6, 2010 to file

16  his federal habeas petition.  However, he did not file the instant petition until January 4, 2011.

17  Absent tolling, his application in this court is nearly three months late.

18       Petitioner is not entitled to statutory tolling because he did not file any state petitions in

19  the relevant time period.  However, petitioner argues that he is entitled to a later start of the

20  statute of limitations, and alternatively to equitable tolling of the statute of limitations.

21       Petitioner attaches a declaration attesting to the following facts.  *See* Dckt. No. 16, Exh.

22  1.  He declares that he was housed at Corcoran State Prison in the Security Housing Unit (SHU)

23  from January 2008 until October 10, 2008; that he met Danny Cohea, his "jailhouse lawyer" in

24  May 2008; and that Cohea agreed to assist him with this case in early September 2008.  *Id.* at 53-

25  54.  Petitioner was placed on the transfer list for Salinas Valley State Prison, and he made

26  arrangements so that his mother would function as a go-between for him and inmate Cohea so

1  that Cohea could continue to work on petitioner's case.  *Id.* at 54.  Petitioner was transferred to

2  SVSP on October 10, 2008; his legal materials were transferred with him.  *Id.*  After the

3  California Supreme Court denied petitioner's appeal, he made photocopies of his legal

4  documents and mailed them to his mother to mail to Cohea.  *Id.* at 55.

5       Petitioner's mother mailed the documents to Cohea at Corcoran, and the documents were

6  confiscated by prison officials.  *Id.*  On April 10, 2009, prison officials issued a form titled

7  "notification of disapproval" concerning "legal documents belonging to another inmate."  *Id.*

8  Petitioner filed a grievance on July 5, 2009, complaining that the legal documents related to his

9  court deadline for which Cohea was assisting him.  *Id.* at 56.  The documents were never

10  released to Cohea or returned to petitioner's mother.  *Id.*

11       Petitioner declares that he and Cohea "all through 2009" continued to attempt to have the

12  prison release the documents that had been confiscated.  *Id.*  He asserts that the prison did not

13  allow any more correspondence containing legal documents.  *Id.*  On July 29, 2010, petitioner

14  was transferred back to the Corcoran SHU.  *Id.* at 57.  He had no contact with Cohea until

15  November 21, 2010, when Cohea was moved into his building.  *Id.*  They spent "all of

16  November and December 2010 gathering together (and pursuing) petitioner's criminal case

17  'legal documents.'"  *Id.*  Petitioner asserts that Cohea completed the instant petition "as soon as

18  humanly possible."  *Id.*

19       Cohea's declaration attests to similar facts.  Dckt. No. 16, Ex. 2.  He further attests that

20  he filed a timely grievance with prison officials regarding the confiscation of the legal materials

21  that petitioner had mailed to him through petitioner's mother.  *Id.* at 61.

22       Petitioner argues that a state-created impediment to filing entitles him to a later start date

23  of the statute of limitations.  He argues that the prison's confiscation of legal materials that he

24  mailed to his Cohea, his inmate assistant, through his mother, constitutes a state-created

25  impediment.

26  ////

1    This argument fails because the prison's confiscation of the materials does not constitute

2  a state-created impediment to filing.  "To obtain relief under § 2244(d)(1)(B), the petitioner must

3  show a causal connection between the unlawful impediment and his failure to file a timely

4  habeas petition." *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir. 2007).  Here, the legal

5  materials have still not been returned to petitioner or Cohea.  By petitioner's logic, this means

6  that the state-created impediment has still not been removed, and the statute of limitations has

7  still not begun to run.  Yet petitioner has filed his petition.  Quite demonstrably, the state's

8  confiscation of the materials may have made it more difficult but it did not cause petitioner to be

9  unable to file his petition.

10    Petitioner alternatively contends that he is entitled to equitable tolling of the statute of

11  limitations.  As explained above, equitable tolling is available only if petitioner has been

12  pursuing his rights diligently, and some extraordinary external circumstance made it impossible

13  for him to timely file his petition.  *See Pace*, 544 U.S. at 418; *Waldron-Ramsey*, 556 F.3d at

14  1011.

15    Here, petitioner's separation from his inmate assistant, Cohea, and the confiscation of his

16  legal documents that he sent to Cohea through his mother, do not constitute extraordinary

17  circumstances that made it impossible for petitioner to timely file his petition.  First, petitioner

18  has no right to legal assistance in habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722,

19  755 (1991).  Therefore, petitioner has no right to Cohea's help to prepare his habeas petition.

20  Petitioner was in charge of his own appeal at all times, and his separation from Cohea did not

21  make it impossible for him to personally file a habeas petition.  Petitioner has not demonstrated

22  that he was diligent in attempting to prepare his own petition, or finding another inmate to assist

23  him in preparing the petition, after he was separated from Cohea.  For the same reason, his

24  separation from Cohea did not make it impossible to timely file his petition.  Petitioner has failed

25  to carry his burden to show that he is entitled to equitable tolling.

26  ////

IV.     Conclusion

The court finds that the instant petition was not timely filed.  Accordingly, it is hereby RECOMMENDED that:

1.  Respondent's motion to dismiss be granted; and

2.  The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  March 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE