IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY D. ALEXANDER,

   Petitioner,      No. CIV S-11-0103 WBS EFB P

  vs.

RAUL LOPEZ, Warden,

   Respondent.      FINDINGS AND RECOMMENDATIONS

_____/

  Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on his January 11, 2011 petition. Respondent moves to dismiss this action upon the ground it is untimely. Petitioner opposes, asserting that he is entitled to a later start date of the statute of limitations because the state created an impediment to filing the petition, and that he is entitled to equitable tolling. For the reasons explained below, the motion to dismiss must be granted.

**I. Procedural History**

  Petitioner was convicted of possessing and transporting cocaine for sale in 2002. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1. He admitted to two prior serious felony convictions within the meaning of the Three Strikes Law and was sentenced to twenty-five years to life. Lodg. Doc. 1-2. He appealed his conviction and it was reversed on

1

appeal and remanded to the trial court, which eventually reinstated petitioner's original conviction and sentence. Lodg. Doc. 2-8. Petitioner appealed again and the California Court of Appeal, Third Appellate District affirmed. The California Supreme Court denied his request for review on July 8, 2009. Lodg. Doc. 9-12.

Petitioner did not file any state habeas petitions after the California Supreme Court's denial of review. The instant petition was constructively filed on January 4, 2011. Dckt. No. 1.

## II.     Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this

pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on July 8, 2009. Lodg. Doc. 12. The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on October 6, 2009. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until October 6, 2010 to file his federal habeas petition. However, he did not file the instant petition until January 4, 2011. Absent tolling, his application in this court is nearly three months late.

Petitioner is not entitled to statutory tolling because he did not file any state petitions in the relevant time period. However, petitioner argues that he is entitled to a later start of the statute of limitations, and alternatively to equitable tolling of the statute of limitations.

Petitioner attaches a declaration attesting to the following facts. *See* Dckt. No. 16, Exh. 1. He declares that he was housed at Corcoran State Prison in the Security Housing Unit (SHU) from January 2008 until October 10, 2008; that he met Danny Cohea, his "jailhouse lawyer" in May 2008; and that Cohea agreed to assist him with this case in early September 2008. *Id.* at 53-54. Petitioner was placed on the transfer list for Salinas Valley State Prison, and he made arrangements so that his mother would function as a go-between for him and inmate Cohea so

1    that Cohea could continue to work on petitioner's case. *Id.* at 54. Petitioner was transferred to
2    SVSP on October 10, 2008; his legal materials were transferred with him. *Id.* After the
3    California Supreme Court denied petitioner's appeal, he made photocopies of his legal
4    documents and mailed them to his mother to mail to Cohea. *Id.* at 55.

5    Petitioner's mother mailed the documents to Cohea at Corcoran, and the documents were
6    confiscated by prison officials. *Id.* On April 10, 2009, prison officials issued a form titled
7    "notification of disapproval" concerning "legal documents belonging to another inmate." *Id.*
8    Petitioner filed a grievance on July 5, 2009, complaining that the legal documents related to his
9    court deadline for which Cohea was assisting him. *Id.* at 56. The documents were never
10   released to Cohea or returned to petitioner's mother. *Id.*

11   Petitioner declares that he and Cohea "all through 2009" continued to attempt to have the
12   prison release the documents that had been confiscated. *Id.* He asserts that the prison did not
13   allow any more correspondence containing legal documents. *Id.* On July 29, 2010, petitioner
14   was transferred back to the Corcoran SHU. *Id.* at 57. He had no contact with Cohea until
15   November 21, 2010, when Cohea was moved into his building. *Id.* They spent "all of
16   November and December 2010 gathering together (and pursuing) petitioner's criminal case
17   'legal documents.'" *Id.* Petitioner asserts that Cohea completed the instant petition "as soon as
18   humanly possible." *Id.*

19   Cohea's declaration attests to similar facts. Dckt. No. 16, Ex. 2. He further attests that
20   he filed a timely grievance with prison officials regarding the confiscation of the legal materials
21   that petitioner had mailed to him through petitioner's mother. *Id.* at 61.

22   Petitioner argues that a state-created impediment to filing entitles him to a later start date
23   of the statute of limitations. He argues that the prison's confiscation of legal materials that he
24   mailed to his Cohea, his inmate assistant, through his mother, constitutes a state-created
25   impediment.

26   ////

This argument fails because the prison's confiscation of the materials does not constitute a state-created impediment to filing. "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir. 2007). Here, the legal materials have still not been returned to petitioner or Cohea. By petitioner's logic, this means that the state-created impediment has still not been removed, and the statute of limitations has still not begun to run. Yet petitioner has filed his petition. Quite demonstrably, the state's confiscation of the materials may have made it more difficult but it did not cause petitioner to be unable to file his petition.

Petitioner alternatively contends that he is entitled to equitable tolling of the statute of limitations. As explained above, equitable tolling is available only if petitioner has been pursuing his rights diligently, and some extraordinary external circumstance made it impossible for him to timely file his petition. *See Pace*, 544 U.S. at 418; *Waldron-Ramsey*, 556 F.3d at 1011.

Here, petitioner's separation from his inmate assistant, Cohea, and the confiscation of his legal documents that he sent to Cohea through his mother, do not constitute extraordinary circumstances that made it impossible for petitioner to timely file his petition. First, petitioner has no right to legal assistance in habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Therefore, petitioner has no right to Cohea's help to prepare his habeas petition. Petitioner was in charge of his own appeal at all times, and his separation from Cohea did not make it impossible for him to personally file a habeas petition. Petitioner has not demonstrated that he was diligent in attempting to prepare his own petition, or finding another inmate to assist him in preparing the petition, after he was separated from Cohea. For the same reason, his separation from Cohea did not make it impossible to timely file his petition. Petitioner has failed to carry his burden to show that he is entitled to equitable tolling.

////

## IV. Conclusion

The court finds that the instant petition was not timely filed. Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 7, 2012.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE